UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS A. ROBERTS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AT&T MOBILITY LLC,<br><br>    Defendant. | Case No. 15-cv-03418-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO CERTIFY FOR IMMEDIATE INTERLOCUTORY APPEAL**<br><br>Docket No. 61 |

Currently pending before the Court is Plaintiffs' motion to certify for immediate interlocutory appeal the Court's order granting AT&T's motion to compel arbitration. *See* Docket No. 60 (order). At the hearing on the motion, the Court granted Plaintiffs' motion. This order memorializes the Court's oral ruling and as supplemented herein.

## I. DISCUSSION

A.  Legal Standard

Title 28 U.S.C. § 1292(b) governs interlocutory appeals. It provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

As indicated by the above, the critical requirements of § 1292(b) are (1) the order must involve a controlling question of law; (2) there must be a substantial ground for difference of opinion regarding that legal question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. These requirements are addressed briefly below.

B.   Controlling Question of Law

According to Plaintiffs, there are two legal issues that warrant certification: (1) whether there is state action under *Denver Area Educational Telecommunications Consortium, Inc. v. Federal Communications Commission*, 518 U.S. 727 (1996), and (2) whether there is state action under the "encouragement" test. In its papers, AT&T does not dispute that these issues are in fact controlling questions of law. The Court agrees. This Court's order granting AT&T's motion to compel arbitration was predicated on these issues. *See Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 204 (1996) (concluding that an appellate court can "'exercise jurisdiction over any question that is included within the order that contains the controlling question of law identified by the district court'"; "the appellate court may address any issue fairly included within the certified order because 'it is the *order* that is appealable, and not the controlling question identified by the district court'") (emphasis in original).

C.   Materially Advance Ultimate Termination of Litigation

Although AT&T makes an argument that an immediate appeal would not materially advance the ultimate termination of the litigation, *see, e.g.*, Opp'n at 6-7 (pointing out that an arbitration before the AAA typically takes 7 months while an appeal before the Ninth Circuit typically takes 14.3 months), the Court is not persuaded. As Plaintiffs argue, interlocutory appeal will materially advance the ultimate termination of this litigation because, regardless of the result of the arbitration proceedings, Plaintiffs are likely to appeal their case to the Ninth Circuit on the basis of their opposition to the motion to compel which raises the issues certified herein. *See* Mot. at 7; *see also Duffield v. Robertson*, No. C-95-109 EFL, 1997 U.S. Dist. LEXIS 14996, at *21 n.5 (N.D. cal. Mar. 13, 1997)) (noting that, "regardless of the result of the arbitration proceedings, plaintiff will appeal her case," and so it was preferable "to have a ruling from the Ninth Circuit sooner rather than later").

1  D.  Substantial Ground for Difference of Opinion

2  Under Ninth Circuit law, a substantial ground for difference of opinion exists where the

> appeal involves an issue over which reasonable judges might differ and such uncertainty provides a credible basis for a difference of opinion on the issue. . . . [C]ourts traditionally will find that a substantial ground for difference of opinion exists where . . . novel and difficult questions of first impression are presented . . . . [I]nterlocutory appellate jurisdiction does not turn on a prior court's having reached a conclusion adverse to that from which appellants seek relief. A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.

*Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. Wash. 2011) (internal quotation marks omitted).

As indicated above, Plaintiffs argue that there is a substantial ground for difference of opinion on two issues: (1) whether there is state action under *Denver Area* and (2) whether there is state action under the "encouragement" test. The Court agrees that these issues prevent novel and difficult questions of first impression. For example, as indicated in the Court's order compelling arbitration, the basis for the *Denver Area* Court's conclusion of state action is unclear. *See* Docket No. 60 (Order at 10) (stating that "the plurality provided no clear analysis as to why congressional action permitting private conduct amounted to state action in that particular instance"; "[a]ll that is clear is that the plurality refused to adopt the state action analysis suggested by the other Supreme Court Justices," *e.g.*, Justices Kennedy and Thomas); *cf. Alliance for Community Media v. FCC*, 56 F.3d 105, 132 (D.C. Cir. 1995) (Wald, J., dissenting in part) (stating that "[t]he core question here is not whether the cable operators' private decisions implicate state action; whatever the answer to that question, we have state action in the government's own ban-or-block scheme, which is what is at issue here"). Finally, Plaintiffs' position that judicial interpretation of the FAA has crossed the line to constitute "encouragement" and therefore qualifies as state action is not without any basis; no authority has clearly defined the limits as to what constitutes encouragement, and no court has addressed the issue presented here.

3

## II. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion for certification. The Court is mindful of its role as "gatekeeper" under Section 1292(b) and but, as indicated above, there are novel and difficult questions that justify presenting them to the Court of Appeal for consideration on an interlocutory basis, especially as their resolution may materially advance ultimate termination of this litigation.

This order disposes of Docket No. 61.

**IT IS SO ORDERED**.

Dated: June 27, 2016

_____
EDWARD M. CHEN
United States District Judge