UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS A. ROBERTS, et al., <br> Plaintiffs, <br> v. <br> AT&T MOBILITY LLC, <br> Defendant. | Case No. 15-cv-03418-EMC <br><br> **ORDER RE BRIEFING SCHEDULE FOR PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Docket No. 85 |

Plaintiffs filed suit against AT&T, asserting statutory, tort, and warranty claims based on AT&T's "deceptive and unfair trade practice of marketing its wireless service plans as being 'unlimited,' when in fact those plans are subject to a number of limiting conditions [in particular, throttling] that either are not disclosed or inadequately disclosed to consumers." FAC ¶ 1. In April 2016, the Court granted AT&T's motion to compel arbitration, rejecting, *inter alia*, Plaintiffs' contention that an order compelling arbitration would result in a First Amendment violation. *See* Docket No. 60. However, the Court subsequently granted Plaintiffs' motion for certification for an immediate appeal of that ruling. *See* Docket No. 69 (order, filed in June 2016). More than a year later, in December 2017, the Ninth Circuit affirmed this Court's arbitration order, noting, *inter alia*, that there was no state action to support Plaintiffs' First Amendment argument. *See* Docket No. 83 (Ninth Circuit opinion). Approximately a month later, Plaintiffs filed the currently pending motion for leave to file a motion for reconsideration.

In their motion, Plaintiffs do not challenge the reasoning in the Court's prior order compelling arbitration or the Ninth Circuit's opinion affirming that order. Instead, Plaintiffs assert that there is a new legal basis establishing that arbitration should not be compelled in the instant case. More specifically, Plaintiffs argue that a decision of the California Supreme Court, issued in

United States District Court<br>For the Northern District of California

April 2017, constitutes a change in law occurring after the Court's arbitration order. *See McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017) (in a case involving, *inter* alia, § 17200 and CLRA claims, holding that an arbitration agreement that waives the right to seek the statutory remedy of public injunctive relief is contrary to California public policy and therefore unenforceable; further holding that there is no FAA preemption of that California rule pursuant to the Supreme Court's *Concepcion* decision). Plaintiffs add that, in October 2017, two judges in this District relied on *McGill* as a basis to deny a motion to compel arbitration. *See McArdle v. AT&T Mobility LLC*, No. 09-cv-01117-CW, 2017 U.S. Dist. LEXIS 162751 (N.D. Cal. Oct. 2, 2017) (granting plaintiff's motion for reconsideration of arbitration order, rescinding that order, and vacating the arbitral award); *Blair v. Rent-a-Center, Inc.*, No. C-17-2335 WHA (Docket No. 82) (order, filed on October 25, 2017) (denying motion to compel arbitration with respect to, *inter alia*, plaintiff's § 17200 and CLRA claims).

Having reviewed Plaintiffs' motion for leave to file a motion for reconsideration, the Court hereby **GRANTS** the motion for leave and deems the pending motion Plaintiffs' substantive motion to reconsider. The Court further orders AT&T to file an opposition brief within two weeks of the date of this order, and Plaintiffs a reply brief within three weeks of the date of this order. The Court shall thereafter determine whether a hearing on the motion to reconsider is necessary.

**IT IS SO ORDERED**.

Dated: January 23, 2018

_____
EDWARD M. CHEN
United States District Judge