MAYER BROWN LLP
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ELSPETH HANSEN (SBN 292193)
elspeth.hansen@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

ANDREW J. PINCUS (*pro hac vice*)
apincus@mayerbrown.com
ARCHIS A. PARASHARAMI (*pro hac vice*)
aparasharami@mayerbrown.com
KEVIN RANLETT (*pro hac vice*)
kranlett@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Attorneys for AT&T Mobility LLC

Michael W. Sobol (State Bar No. 194857)
msobol@lchb.com
Roger N. Heller (State Bar No. 215348)
rheller@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Attorneys for Plaintiffs and the Proposed Class

(additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS A. ROBERTS, KENNETH A. CHEWEY, ASHLEY M. CHEWEY, AND JAMES KRENN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC,<br><br>Defendant. | Case No. 3:15-cv-03418-EMC<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS** |

1. <u>PURPOSE AND LIMITATIONS</u>: Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, in the interests of promoting an efficient and prompt resolution of this action, facilitating discovery by the Parties litigating this action, and protecting the Parties' and Non-Parties' Confidential Materials from improper disclosure or use, plaintiffs Marcus A. Roberts, Kenneth A. Chewey, Ashley M. Chewey, and James Krenn ("Plaintiffs") and defendant AT&T Mobility LLC ("Defendant" or "AT&T") hereby stipulate to and petition the Court to enter this Stipulated Protective Order Regarding Confidential Materials (the "Order") pursuant to Federal Rule of Civil Procedure 26(c)(1)(G). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties acknowledge that materials shall only be used for purposes of this litigation or an arbitration commenced by Plaintiffs. The Parties further acknowledge that this Order does not automatically entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party or Non-Party seeks permission from the Court to file under seal.

2. <u>DEFINITIONS</u>: As used in this Order:

   a. "Materials" shall refer to all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things).

   b. "Non-Party" shall refer to any Person who is not a Party.

   c. "Party" shall refer to any party to this action, including any officers, directors, employees, contractors, counsel, and agents.

   d. "Person" shall refer to any natural person, partnership, corporation, association, or governmental or other legal entity, including, but not limited to, each Party and any Non-

| | |
|---|---|
| 1 | Party. |
| 2 | e. "Sensitive Personal Information" shall include a Person's Social Security number; |
| 3 | personal telephone number; personal email address; taxpayer identification number; date |
| 4 | of birth (other than year); home address; driver's license number or other state |
| 5 | identification number (or a foreign country equivalent); passport number; personal |
| 6 | financial information, such as bank account, credit card, or debit card number(s); and |
| 7 | medical records or other information relating to the Person's treatment of physical or |
| 8 | mental health or condition or to the provision of or payment for health care to the Person. |
| 9 | 3. <u>CONFIDENTIAL MATERIALS</u>: Consistent with Federal Rule of Civil |
| 10 | Procedure 26(c), any Materials disclosed, provided, produced, or filed in this proceeding by any |
| 11 | Party or Non-Party that contain (1) Sensitive Personal Information, or (2) trade secrets or other |
| 12 | competitively sensitive information (such as confidential research, development, technical, |
| 13 | commercial, or financial information, as such terms are used in Federal Rule of Civil Procedure |
| 14 | 26(c)(1)(G)) not otherwise publicly accessible or available, as well as any information that |
| 15 | discloses the substance of the contents of such Materials, may be designated as Confidential by |
| 16 | any Party or by the Non-Party that discloses, produces, provides, or files the Materials. The |
| 17 | designating Party or Non-Party may designate as Confidential only those portions of Materials |
| 18 | that qualify for Confidential treatment under this Order. A designation that Materials are |
| 19 | Confidential shall constitute a representation by the designating Party or Non-Party, in good faith |
| 20 | and after careful determination, that the designated Materials, or portion thereof, are eligible for |
| 21 | such designation pursuant to this Order. Such designated Materials, as well as any information |
| 22 | that discloses the substance or contents of such Materials, shall be treated as Confidential |
| 23 | pursuant to and to the extent permitted by this Order. Nothing in this paragraph shall preclude a |
| 24 | Party from redacting Sensitive Personal Information as required by governing law, contract, or |
| 25 | AT&T's privacy policy, provided that a receiving Party may seek to un-redact such redacted |
| 26 | Sensitive Personal Information as may be appropriate. Each Party or Non-Party that designates |
| 27 | information or items for protection under this Order must take care to limit any such designation |
| 28 | to specific Material that qualifies under the appropriate standards. The designating Party or Non- |

1 Party must designate for protection only those parts of Material that qualify – so that other
2 portions of the Material for which protection is not warranted are not swept unjustifiably within
3 the ambit of this Order.

4     4. Sensitive Personal Information shall be afforded all the protections of this Order
5 afforded to other Confidential Materials, and also shall be secured by any receiving Party or
6 Non-Party in such a manner as to minimize the possibility of disclosure, intentional or
7 unintentional, to unauthorized Persons, including the physical storage thereof in a secure area or
8 law office, the electronic storage thereof on a password-protected computer or system which may
9 be accessed only by Persons authorized to have access to the Sensitive Personal Information
10 pursuant to the terms of this Order, and the transmission thereof only to other authorized Persons
11 by a trackable method with restricted delivery to such Persons.

12     5. Any Party or Non-Party who, as part of this proceeding, discloses, provides, or
13 produces to any other Party or Non-Party, or files with the Court, Materials that are Confidential
14 under this Order shall designate such Materials as Confidential at the time of the disclosure,
15 provision, production, or filing. Materials shall be designated as Confidential by placing on or
16 affixing to the document or other medium containing Confidential Material (in such manner as
17 will not interfere with the legibility thereof), or, if an entire folder or box of documents is
18 confidential, by placing or affixing to that folder or box, the designation "CONFIDENTIAL" or
19 "CONFIDENTIAL – ROBERTS v. AT&T MOBILITY LLC., Case No. 3:15-cv-03418-EMC,"
20 or any other appropriate notice that identifies this proceeding, together with an indication of the
21 portion or portions of the document considered to be Confidential Material. Confidential
22 Materials contained in electronic documents may also be designated as confidential by placing
23 the designation "CONFIDENTIAL – ROBERTS v. AT&T MOBILITY LLC., Case No. 3:15-cv-
24 03418-EMC" or any other appropriate notice that identifies this proceeding, on the face of the
25 CD or DVD or other medium on which the document is produced, in the file name, in the Bates
26 stamp legend, or another accessible place. Masked or otherwise redacted copies of Materials may
27 be produced where the portions masked or redacted contain privileged matter, provided that the
28 copy produced shall indicate at the appropriate point that portions have been masked or redacted

3

and the reasons therefor.

6. Notwithstanding paragraph 5, if during a deposition in this proceeding, a deponent (or the deponent's counsel) or Party fails to designate as Confidential appropriate portions of the deponent's deposition testimony on the record during the course of or at the close of the deposition, the deponent (or the deponent's counsel) or Party may, no later than ten days after the deposition transcript becomes available to the deponent or Party, designate as Confidential those portions of the transcript that contain Confidential Materials. The Confidential designation may be accomplished by a) marking "CONFIDENTIAL" every page of the transcript that contains Confidential Materials, b) notifying all Parties of the transcript page and line numbers of the pages deemed to be Confidential, and c) marking the first and last such pages of such ranges as "CONFIDENTIAL – START" and "CONFIDENTIAL – END," respectively, or by designating the page range, including all pages as appropriate. Until the earlier of the expiration of this ten-day period or the Confidential designation, the entire deposition transcript shall be treated as Confidential.

7. Notwithstanding paragraph 5, any Party, within thirty days of receiving Confidential Materials from a Non-Party consumer as part of this proceeding, may designate such Materials as Confidential. Until the earlier of the expiration of this thirty-day period or the Confidential designation, such Materials shall be treated as Confidential.

8. With respect to all Materials provided by a Party or Non-Party for inspection, all Confidential Materials shall be stamped "CONFIDENTIAL – ROBERTS v. AT&T MOBILITY LLC., Case No. 3:15-cv-03418-EMC" by the Party or Non-Party desiring such designation, or otherwise designated by such Party or Non-Party in writing, within thirty days of production. Until the end of such thirty-day period, the document production will be deemed to be designated Confidential in its entirety under the terms of this Order. A designation of Confidential by stamping or labeling need not be made until after counsel for the inspecting party has inspected the Materials and selected Materials to be copied. Making Materials available for inspection shall not constitute a waiver of any claim to designate such Materials as Confidential, and all Materials provided by a Party or Non-Party for inspection shall be treated as though designated

4

Confidential at the time of inspection.

9. The disclosure of Confidential Materials or information that discloses the substance of the contents of Confidential Materials (including through any writing or communication reproducing, paraphrasing, or otherwise disclosing the content of Confidential Materials) shall be limited to the following Persons:

   a. The Court presiding over this proceeding and related officials involved in this proceeding or any other related proceeding (such as appellate review of this proceeding) in which the Confidential Materials are used, including judges, magistrates, commissioners, referees, jurors, court reporters and Persons preparing transcripts of testimony, and other personnel of the Court.

   b. Plaintiffs and Plaintiffs' counsel of record in this proceeding, as well as associated attorneys and other employees or contractors assisting such counsel in the preparation or hearing of this proceeding under the direction and control of such counsel.

   c. Defendant's outside counsel of record in this proceeding, as well as outside counsel's associated attorneys and other employees or contractors assisting such counsel in the preparation or hearing of this proceeding under the direction and control of such counsel; and AT&T counsel, employees, legal staff, contractors, or agents, with responsibility for litigation of this case.

   d. Any independent experts or consultants retained or consulted by the Parties in this proceeding, including the employees of such experts or consultants who are assigned to assist such experts or consultants, in connection with services in the preparation or hearing of this proceeding.

   e. Any Person who, based on a good faith and objectively reasonable belief or understanding of counsel of record for the disclosing Party (defined as the Party that intends to share Confidential Materials of that Party, another Party, or any Non-Party), created, sent, received, or reviewed the Confidential Materials, or who as an employee of a producing Party or Non-Party has had access to the Confidential Materials independent of this proceeding.

5
PROPOSED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS
Case No. 3:15-cv-03418-EMC

f.  Any trial or deposition witness, and the witness's counsel, if the Confidential Materials are, based on a good faith and objectively reasonable belief or understanding of counsel of record for the disclosing Party, reasonably related to the witness's testimony.

g.  Any Person designated by the Court in the interest of justice, upon such terms as the Court deems proper.

10. Prior to disclosing Confidential Materials to any Person on the basis of subparagraph 9(d), 9(e), or 9(f), the disclosing Party shall provide to such Person a copy of this Order and obtain from such Person a signed statement in the form attached hereto as Exhibit A. Such signed statement shall be retained by counsel for the disclosing Party and need not be filed with the Court or served upon opposing counsel, unless requested for good cause or ordered by the Court. A Person's refusal or practical inability to sign this statement, after the disclosing Party's good faith effort to secure signature, shall not restrict the disclosing Party (or its counsel) from disclosing the materials to the Person during trial or deposition.

11. Disclosure of Confidential Materials, or information that discloses the substance of the contents of Confidential Materials, to any Person described in Paragraph 9 of this Order shall be only for the purposes of the preparation and hearing of this proceeding, any appeal therefrom, or an arbitration commenced by Plaintiffs, and for no other purpose whatsoever. Any such receiving Person to whom Confidential Materials are disclosed in this proceeding shall (a) use such Confidential Materials, or information that discloses the substance of the contents of Confidential Materials, only for purposes permitted by this Order; and (b) not disclose or divulge the content of Confidential Materials, or information that discloses the substance of the contents of Confidential Materials, other than as permitted by this Order. However, nothing contained in this Order shall be construed as imposing these or any other obligations on the Court or court personnel, except to the extent that such Confidential Materials are sealed by the Court.

12. Nothing in this Order shall restrict the use, outside of this litigation, of Confidential Materials by, or the disclosure of Confidential Materials to any Person (or that Person's counsel) who: (a) originally disclosed, provided, or produced such Materials in this

6
PROPOSED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS
Case No. 3:15-cv-03418-EMC

proceeding; (b) has had such Materials in its possession, custody, or control independent of this proceeding; or (c) has discovered such materials independent of this proceeding.

13. Without written permission from the Party or Non-Party who designated the Materials Confidential or an order of the Court, a Party may not file in the public record in this action any Confidential Materials. Instead, a Party that seeks to file Confidential Material must comply with Civil Local Rule 79-5, including its provisions for filing Materials under seal.

14. Nothing in this Order shall be construed to affect in any way the admissibility of any Materials, testimony, or any other evidence in this proceeding. This Order shall have no effect upon, and its scope shall not extend to, any Party's use of its own discovery Materials in this proceeding.

15. Any Party or Non-Party who designates any Materials as Confidential pursuant to this Order may consent to the removal of such designation by so notifying counsel of record for the other Parties in writing, after which time such Materials shall no longer be treated as Confidential in this proceeding. Any Party or Non-Party that, acting in good faith, inadvertently or mistakenly designates Materials as Confidential may withdraw that designation by notifying counsel of record for the other Parties in writing immediately after discovering the erroneous designation, after which time such Materials shall no longer be treated as Confidential in this proceeding.

16. Any Party may, at any time, challenge a designation of any Materials as Confidential and request removal of the designation as follows:

    a. The Party seeking such removal shall give the Party or Non-Party who designated the Materials as Confidential written notice thereof specifying the Materials as to which such removal is sought and the reason for the request.

    b. If the Parties and/or Non-Party cannot reach agreement concerning the matter within fifteen days after such notice, they shall jointly address a letter to the Court pursuant to the procedures set forth in paragraph 4 ("Discovery Motions") of Honorable U.S. District Judge Edward M. Chen's Civil Standing Order on Discovery.

    c. For Confidential Materials other than Sensitive Personal Information, the Party or

> Non-Party desiring to maintain their designation as Confidential shall have the burden of establishing grounds for such treatment. The burden of establishing that any Sensitive Personal Information should not be designated Confidential shall be upon the Party seeking to remove the designation.

17. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this proceeding. Moreover, the failure to designate Materials as Confidential in accordance with this Order and the failure to object to such designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order shall neither be construed as a waiver of any Person's right to object to the furnishing of Materials in response to discovery in this proceeding, nor relieve any Person of the obligation to produce Materials in the course of discovery in this proceeding.

18. If a Party or Non-Party through inadvertence discloses, produces, or provides any Confidential Materials without designating them as Confidential as provided in this Order, that Party or Non-Party shall promptly give written notice to the receiving Person that the Materials are Confidential and should be treated as such in accordance with this Order. The receiving Person shall treat such Materials as Confidential from the date it receives such notice. Disclosure of such Materials prior to receipt of such notice to a Person not authorized to receive Confidential Materials shall not be deemed a violation of this Order; however, each Person to whom disclosure has been made is to be advised that the Materials disclosed are Confidential and must be treated in accordance with this Order.

19. In the case of any accidental or inadvertent disclosure of Confidential Materials or any other disclosure not in accordance with this Order, the Person responsible for the disclosure (or the Person's counsel) shall promptly notify counsel for the Party or Non-Party who designated the Materials as Confidential, or any such Person who is not represented by counsel, of the disclosure, and shall make every effort to prevent further disclosure, including attempting to retrieve all copies of the Confidential Materials from the recipients thereof, and attempting to secure the agreement of the recipients not to further disseminate the Confidential Materials in

any form.

20. At the time that any consultant, expert, or other Person retained to assist a Party's counsel in this proceeding concludes his or her participation in this proceeding, such Person shall return to counsel of record for the retaining Party all copies of Confidential Materials, together with all notes, memoranda, or other papers reproducing, paraphrasing, or otherwise disclosing Confidential Materials, or certify as to their destruction. Furthermore, within thirty days after the completion of this proceeding, all Confidential Materials, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such Confidential Materials, shall be collected by counsel for the receiving Party and either destroyed or returned to the Party or Non-Party who disclosed, produced, or provided the Materials; provided, however, that attorney work product, expert reports, deposition transcripts and other sworn statements, or pleadings reproducing, paraphrasing, or otherwise disclosing Confidential Materials may be retained in counsel's files subject to this Order and providing that such Confidential Materials shall not be used for any purpose outside of those permitted by this Order. For purposes of this Order, this proceeding shall be considered completed when the entire proceeding has been resolved and any related orders have become final and non-appealable.

21. All Persons who receive Confidential Materials shall remain under a continuing duty not to disclose such Materials, except as permitted in this Order. This duty shall continue in full force and effect after the completion of this proceeding. However, nothing contained in this Order is intended to be construed as authorizing a Person to disobey a lawful court order or subpoena issued in another proceeding.

22. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>: If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential, that Party must:

    a. promptly notify in writing the designating Party or Non-Party. Such notification shall include a copy of the subpoena or court order;

    b. promptly notify in writing the party who caused the subpoena or order to issue in the

other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the designating Party or Non-Party whose Confidential Materials may be affected.

If the designating Party or Non-Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party or Non-Party's permission. The designating Party or Non-Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

23. The Parties, in conducting discovery from any Non-Party as part of this proceeding, shall provide to each such Non-Party a copy of this Order so as to inform the Non-Party of the Non-Party's rights and obligations under this Order.

24. The Parties reserve their rights to seek, through stipulated agreement or otherwise, additional protections for the use of Confidential Materials at trial.

25. In the event that any additional Person becomes a Party to this proceeding, that Person, upon proper notice, shall be bound by this Order unless and until a different Protective Order is entered with respect to that Person.

26. This Order also governs assertion of claims that otherwise discoverable material is privileged or subject to protection as trial-preparation material, and treatment of disclosure of privileged or protected materials ("protected" materials). In the event of the disclosure of protected materials, the Parties shall adhere to the Federal Rule of Civil Procedure 26(b)(5)(B) and the following procedures for materials produced in discovery in this action by both Parties and Non-Parties.

a. If a receiving Party discovers material produced to it by a Party or Non-Party in this action that the receiving Party reasonably believes to be privileged or protected

|    |    |
|----|----|
| 1  | material, the receiving Party shall promptly notify the producing Party in writing and |
| 2  | segregate that material (or the privileged or protected portion) until it receives a |
| 3  | response from the producing Party or the passage of five business days, whichever is |
| 4  | earlier. |

b. If a producing Party (acting through counsel who has made an appearance in this litigation) determines that it has disclosed privileged or protected materials to another Party, it shall promptly notify the receiving Party in writing.

c. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work-product-protected document during discovery in this action is not a waiver of privilege as to such document or information, or as to the subject matter of the document or information, in this action or in any other federal or state proceeding, if the producing Party claims privilege or protection in accordance with subparagraphs (a) or (b) above. If the producing Party fails to claim privilege or protection in accordance with subparagraphs (a) or (b) above, it shall be deemed to have waived all claims of privilege or protection for those materials. The mere production of privileged or work-product-protected documents in this case as part of document production is not itself a waiver in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

d. Once a Party or Non-Party notifies recipients of the production of privileged or work-product-protected documents or information and demands the return or destruction of such documents or information, all recipients shall within five business days confirm the destruction or return of such documents or information, including removing from any document databases any copies of such documents, and taking any necessary steps related to any outside consultants or experts working for any Party. To the extent any Party in possession of such information disagrees with the assertion of privilege or work product protection, the Party shall nonetheless return or destroy all copies, or alternatively, notify the producing Party of the disagreement within five

11

PROPOSED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS
Case No. 3:15-cv-03418-EMC

business days and, within fourteen days thereafter, present the information to the Court under seal for a determination of the claim.

27. Except as set forth in Paragraph 28, any Party that withholds any material that is otherwise discoverable by asserting that the material is privileged or protected shall provide a log of such material in conformance with Federal Rule of Civil Procedure 26(b)(5)(A). If either Party contends that a log should describe voluminous documents by category, that Party shall propose the categorization to the requesting Party and the Parties agree to meet and confer regarding the request. In addition, no Party shall be required to provide a privilege log with respect to documents that were created on or after October 28, 2014.

28. Expert discovery in this case will be conducted in accordance with Federal Rule of Civil Procedure 26, except that no Party needs to preserve, produce in discovery, or include on a privilege log the following documents or materials:

  a. Any form of oral or written communication or correspondence: between any of Defendant's counsel and its testifying or nontestifying expert(s) or consultant(s), or the Plaintiffs' counsel and their testifying or nontestifying expert(s) or consultant(s); between experts (whether testifying or nontestifying); between an expert or experts (whether testifying or nontestifying) and a consultant or consultants; or between consultants.

  b. Oral or written communication or correspondence between an expert(s) and the expert's staff, agents, or anyone retained specifically to facilitate the expert's work in this case, or between a consultant(s) and the consultant's staff, agents, or anyone retained specifically to facilitate the consultant's work in this case.

  c. Expert or consultant's notes or preliminary work.

  d. Drafts of expert reports.

  e. The data formulations, data runs, preliminary or intermediate calculations, other types of preliminary work, or any database-related operations created by, for, or at the direction of the testifying expert but not relied upon by the testifying expert in the opinions contained in his or her final report or any other information.

f. The protections against preservation and discovery contained in sections (a) through (e) shall not apply to any communications or documents upon which a testifying expert relies as a basis for his or her final report(s) or opinions contained in his or her final report(s).

Dated: August 6, 2018

MAYER BROWN LLP

*/s/ Kevin Ranlett*

DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ELSPETH HANSEN (SBN 292193)
elspeth.hansen@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

ANDREW J. PINCUS (*pro hac vice*)
apincus@mayerbrown.com
ARCHIS A. PARASHARAMI (*pro hac vice*)
aparasharami@mayerbrown.com
KEVIN RANLETT (*pro hac vice*)
kranlett@mayerbrown.com
1999 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

*Attorneys for Defendant AT&T Mobility LLC*

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

*/s/ Alexander H. Schmidt*

Michael W. Sobol (State Bar No. 194857)
Roger N. Heller (State Bar No. 215348)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Alexander H. Schmidt, Esq.
Fairways Professional Plaza
5 Professional Circle
Colts Neck, New Jersey 07722
Telephone: (732) 226-0004

D. Anthony Mastando
Eric J. Artrip
MASTANDO & ARTRIP, LLC
301 Washington St., Suite 302
Huntsville, AL 35801
Telephone: (256) 532-2222

Daniel M. Hattis (SBN 232141)
HATTIS LAW
Post Office Box 1645
Bellevue, Washington 98009-1645
Telephone: (650) 980-1990
Facsimile: (425) 412-7171

*Attorneys for Plaintiffs and the Proposed Class*

Pursuant to Civil Local Rule 5-1(i)(3), I, Kevin Ranlett, attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatures.

/s/ Kevin Ranlett

Kevin Ranlett

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: 8/9/2018

HON. EDW[ARD M. CHEN]
UNITED ST[ATES DISTRICT JUDGE]

IT IS SO ORDERED
Judge Edward M. Chen
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYER BROWN LLP<br>DONALD M. FALK (SBN 150256)<br>dfalk@mayerbrown.com<br>ELSPETH HANSEN (SBN 292193)<br>elspeth.hansen@mayerbrown.com<br>Two Palo Alto Square, Suite 300<br>3000 El Camino Real<br>Palo Alto, CA 94306-2112<br>Telephone: (650) 331-2000<br>Facsimile: (650) 331-2060<br><br>ANDREW J. PINCUS (*pro hac vice*)<br>apincus@mayerbrown.com<br>ARCHIS A. PARASHARAMI (*pro hac vice*)<br>aparasharami@mayerbrown.com<br>KEVIN RANLETT (*pro hac vice*)<br>kranlett@mayerbrown.com<br>MAYER BROWN LLP<br>1999 K Street, N.W.<br>Washington, DC 20006<br>Telephone: (202) 263-3000<br>Facsimile: (202) 263-3300<br><br>Attorneys for AT&T Mobility LLC | Michael W. Sobol (State Bar No. 194857)<br>msobol@lchb.com<br>Roger N. Heller (State Bar No. 215348)<br>rheller@lchb.com<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: 415.956.1000<br>Facsimile: 415.956.1008<br><br>Attorneys for Plaintiffs and the Proposed Class |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCUS A. ROBERTS, KENNETH A. CHEWEY, ASHLEY M. CHEWEY, AND JAMES KRENN, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC,<br><br>          Defendant. | Case No. 3:15-cv-03418-EMC<br><br>**EXHIBIT A**<br><br>**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS** |

By signing below, I acknowledge that I have received and read the Protective Order entered by the Court in the above-captioned case on _____ [date] and I agree to be bound by the terms of that Protective Order.

As a condition of my receipt or review of any Materials designated Confidential pursuant to that Protective Order, I hereby agree that the Protective Order shall be deemed to be directed to and shall include me, and that I shall observe and comply with all of its provisions. I further understand and agree that I am not permitted to use, and I shall not use, Confidential Materials for any purpose other than those permitted under the Protective Order.

Date: _____  Signature: _____

Printed Name: _____