**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCUS A. ROBERTS; et al.,<br><br>            Plaintiffs-Appellees,<br><br>  v.<br><br>AT&T MOBILITY LLC,<br><br>            Defendant-Appellant. | No.    18-15593<br><br>D.C. No. 3:15-cv-03418-EMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted and Submission Deferred April 16, 2019[**]
Resubmitted February 18, 2020
San Francisco, California

Before: D.W. NELSON, FERNANDEZ, and BEA, Circuit Judges.

Plaintiffs filed a class action lawsuit against Defendant AT&T Mobility LLC ("AT&T") alleging AT&T used deceptive and unfair trade practices by marketing its mobile service data plans as "unlimited" when AT&T allegedly limited those

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

plans in several ways, including "throttling"—slowing down mobile data speeds after the consumer uses an undisclosed, predetermined amount of mobile data. Plaintiffs assert AT&T's practice violates several California laws and seek, among other remedies, public injunctive relief, which AT&T's arbitration clause prohibits. AT&T argues that the Federal Arbitration Act ("FAA") preempts California's public policy in favor of public injunctive relief.

The district court, in April 2016, compelled arbitration and we, in December 2017, affirmed, rejecting Plaintiffs' argument that compelling arbitration violated their First Amendment right to petition the government. *Roberts v. AT&T Mobility LLC*, 877 F.3d 833 (9th Cir. 2017). Plaintiffs then asked the district court to reconsider because of the California Supreme Court's decision in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 952 (2017), which held that an agreement, like AT&T's, that waives public injunctive relief in any forum is contrary to California public policy and unenforceable. We refer to this as "the *McGill* rule."

Plaintiffs, in their motion for reconsideration, argued that *McGill*'s holding provided the district court with a new, intervening basis to deny compelling arbitration. The district court agreed with Plaintiffs and granted their motion to reconsider and denied, in part, AT&T's motion to compel arbitration. AT&T filed this pending interlocutory appeal.

AT&T argues that the panel can resolve this appeal on a procedural issue—that the district court abused its discretion in reconsidering its initial order compelling arbitration. We disagree; the district court did not abuse its discretion. And, we affirm.

We review whether issues were properly raised in motions for reconsideration for abuse of discretion. *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993). To reverse for abuse of discretion, we must be "convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Boyd v. City & Cty. of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009) (quoting *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000)). We review *de novo* a district court's denial of a motion to compel arbitration. *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc). We also review *de novo* a district court's preemption analysis. *AGG Enters. v. Washington Cty.*, 281 F.3d 1324, 1327 (9th Cir. 2002).

When reviewing district court decisions for abuse of discretion, we engage in a two-step inquiry. *United States v. Hinkson*, 585 F.3d 1247, 1251, 1261 (9th Cir. 2009) (en banc). The first step asks whether the district court identified and applied the correct legal rule. *Id.* at 1263. If the district court identified and applied the correct legal rule, the reviewing court must then decide whether the district

court reached a result that is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the record. *Id.*

Here, the district court identified and applied the correct legal rule—a district court should grant a motion for reconsideration only if the "district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). In other words, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis omitted). The district court found that *McGill* changed the controlling law and that Plaintiffs could not have reasonably raised *McGill*'s public injunctive relief issue earlier in the litigation.

AT&T advances two primary arguments as to why it believes Plaintiffs waived their right to challenge AT&T's arbitration provision on the basis that it bars public injunctive relief. First, AT&T argues that principles of litigation efficiency should have precluded the district court from granting Plaintiffs' reconsideration motion. Second, it argues that *McGill* did not change controlling law; rather, according to AT&T, *McGill* clarified existing law. In making these

arguments, AT&T is relitigating the underlying reconsideration motion and pays short shrift to the standard of review—abuse of discretion.

The district court considered AT&T's policy argument that "[l]itigation would be endless if a party could serially litigate each conceivable objection to a motion, with separate interlocutory appeals, as plaintiffs have done here." The district court reasoned that because the California Supreme Court decided *McGill* while we were considering the district court's first arbitration order, the district court did not have jurisdiction to consider a new argument against arbitration until we decided the first appeal. Once we issued a ruling in December 2017, Plaintiffs filed their motion for reconsideration within a month. Plaintiffs, the district court found, acted with reasonable diligence in bringing the *McGill* issue to the district court's attention.

Similarly, unpersuaded by AT&T's argument that Plaintiffs should have raised the *McGill* issue in their first opposition to compel arbitration, the district court reviewed the history of the legal issue—a public policy in favor of public injunctive relief—under California law. First, the district court found that while California's public policy in favor of public injunctive relief had been raised in other courts, including by Plaintiffs' counsel, before Plaintiffs filed their first opposition to AT&T's motion to compel, no court had denied a motion to compel arbitration based on that issue. The district court also cited our decision in

5

*Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928 (9th Cir. 2013), which held that the *Broughton-Cruz* rule, which AT&T argues is a precursor to the *McGill* rule, is preempted by the FAA.

It was reasonable, therefore, for the district court to conclude that Plaintiffs should not be penalized for failing to pursue, in their first opposition to compel arbitration, an argument that had been consistently rejected by federal courts, including in similar cases brought by Plaintiffs' counsel.

The district court acknowledged AT&T's argument was "not without basis," but it was nevertheless unpersuaded. Under an abuse of discretion standard, this is the type of decision in which we should give the district court a substantial margin to decide the issue one way or another. *See Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 887 (9th Cir. 2001). Even if we would have decided the issue differently on initial consideration, the district court's decision does not lie "beyond the pale of reasonable justification." *Boyd*, 576 F.3d at 943. Nor is it illogical, implausible, or without support. *Hinkson*, 585 F.3d at 1263.

Now to the merits. We recently held in *Blair v. Rent-A-Ctr., Inc.*, a case with similar factual and legal issues as this one, that the FAA does not preempt the *McGill* rule. 928 F.3d 819 (9th Cir. 2019). We reasoned that because the *McGill* rule is a generally applicable contract defense derived from long-established California public policy in favor of public injunctive relief, the rule fell

within the FAA's saving clause at the first step of the preemption analysis. *Id.* at 828. Moreover, we held that the *McGill* rule does not mandate procedures that interfere with arbitration, namely with arbitration's informality. *Id.* at 830.

The arbitration clause here, like the one in *Blair*, prohibits public injunctive relief in any forum, including arbitration. As discussed previously, such a clause is unenforceable in California under the *McGill* rule. Because we are bound by our decision in *Blair*, we hold that AT&T's arbitration agreement is unenforceable. Accordingly, we affirm the district court's order denying AT&T's motion to compel arbitration.

**AFFIRMED**.