Michael W. Sobol (SBN 194857)
msobol@lchb.com
Roger N. Heller (SBN 215348)
rheller@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Attorneys for Plaintiffs and the Proposed Class

(additional counsel listed on signature page)

Andrew J. Pincus (*pro hac vice*)
apincus@mayerbrown.com
Archis A. Parasharami (SBN 321661)
aparasharami@mayerbrown.com
Kevin Ranlett (*pro hac vice*)
kranlett@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC  20006
Telephone: (202) 263-3000
Facsimile:  (202) 263-3300

Pete Marketos (*pro hac vice*)
Tyler Bexley (*pro hac vice*)
Brett Rosenthal (*pro hac vice*)
Sean Gallagher (*pro hac vice*)
REESE MARKETOS LLP
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Telephone: (214) 382-9810

Attorneys for AT&T Mobility LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARCUS A. ROBERTS, KENNETH A. CHEWEY, ASHLEY M. CHEWEY, AND JAMES KRENN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC,<br><br>Defendant. | Case No. 3:15-cv-03418-EMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  July 2, 2020<br>Time:  1:30 p.m.<br>Judge: Hon. Edward M. Chen |

1    Plaintiffs and AT&T Mobility LLC ("AT&T") respectfully submit the following joint
2 statement in connection with the Further Case Management Conference scheduled in this matter
3 for July 2, 2020 at 1:30 p.m.

**I.   PROCEDURAL POSTURE**

On March 14, 2018, this Court entered an Order granting Plaintiffs' motion for reconsideration of the Court's April 2016 Amended Order Granting Defendant's Motion to Compel Arbitration (Dkt. 103) ("Reconsideration Order").  Pursuant to the Reconsideration Order, the Court denied AT&T's motion to compel arbitration as to Plaintiffs Marcus Roberts, Kenneth Chewey, and Ashley Chewey, and granted AT&T's motion to compel arbitration as to Plaintiff Krenn.  On April 6, 2018, AT&T noticed an appeal of the Reconsideration Order (Dkt. 108).

On June 21, 2018, the Court granted in part and denied in part AT&T's motion for a stay pending its appeal of the Reconsideration Order, ordering as follows:

> AT&T's motion for a stay pending appeal is granted in part and denied in part. All proceedings in the case are stayed, except that the Court shall allow some discovery related to the individual California plaintiffs' claims. The parties shall meet and confer to see if they can reach agreement as to what discovery should be provided. In meeting and conferring, the parties shall take into consideration the Court's comments at the hearing -- e.g., that policies and practices applicable to the individual California plaintiffs (which will include documents pertaining to AT&T's practices and marketing) should be produced. As to any claim of burden that AT&T might advance, the Court will consider the fact that documents have already been produced to the FTC.

(Dkt. 119).  The parties have engaged in limited discovery consistent with the Court's limited stay order.

On February 18, 2020 the Ninth Circuit reinstated appellate proceedings in this case and affirmed this Court's Reconsideration Order (Dkt. 161).  The mandate issued in this case on March 12, 2020 (Dkt. 162).

1  On April 16, 2020, the Court held a Case Management Conference in this case, at which time the Court: (a) set a briefing and hearing schedule for AT&T's motion to dismiss; and (b) held that further discovery remained temporarily stayed, with the exception of the parties' meeting and conferring about a discovery plan assuming the case goes forward (Dkt. 166).

On May 14, 2020, AT&T filed a motion seeking dismissal of certain of Plaintiffs' claims and portions of certain other claims. That motion is now fully briefed and is scheduled to be heard by the Court on July 2, 2020, the same date as the upcoming Further Case Management Conference.

## II.  CASE SCHEDULE

With respect to a case schedule at this stage, the parties agree that the case schedule should address Plaintiff's anticipated class certification motion. (As previously confirmed, Plaintiffs will be seeking certification of a California statewide class). The parties have agreed on the following schedule through class certification:

| Event | Deadline |
|---|---|
| Discovery | Open for all purposes |
| Deadline for Plaintiffs to file Motion for Class Certification | March 4, 2021 |
| Deadline for AT&T to file Opposition to Motion for Class Certification | April 29, 2021 |
| Deadline for Plaintiffs to file Reply In Support of Motion for Class Certification | June 10, 2021 |
| Hearing on Plaintiffs' Motion for Class Certification | June 24, 2021, 1:30 p.m. |

The parties propose that the remaining case schedule be addressed after class certification.

-2-

2000705.3

### III.    DISCOVERY

The parties have met and conferred regarding discovery issues, and have agreed on the following:

- AT&T will serve Rule 26(a) initial disclosures by July 16, 2020.  (Plaintiffs previously served their initial disclosures).
- The parties currently anticipate the default limits for interrogatories and fact witness depositions, under the Federal Rules of Civil Procedure, will be sufficient, and therefore do not request any extensions to those limits at this time.  The parties reserve their rights to seek extension(s) of the default limits, by agreement or by Court order, as may be appropriate.
- The parties agree that discovery will not be formally bifurcated or phased.

The Court previously entered a Stipulated Protective Order regarding confidential materials (Dkt. 127).  The parties are meeting and conferring regarding a protocol for the production of electronically-stored information, and expect to file a proposed order in that regard shortly.  The parties have also discussed the preservation of relevant documents and information, reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have taken reasonable and appropriate steps to preserve potentially relevant documents and information and will continue to do so.

*Plaintiffs' Additional Statement*

With respect to the current state of discovery, as directed by the Court's June 2018 limited stay order (Dkt. 119), the parties met and conferred regarding the scope of limited discovery that would occur (consistent with the Court's guidance regarding limitations) pending AT&T's appeal of the Reconsideration Order.  That process (which took multiple sessions) yielded an agreed set of document requests which Plaintiffs served and AT&T responded to.  It was specifically agreed and understood that Plaintiffs would serve additional written discovery and take depositions at a later stage should the case return to this Court.

With respect to the discovery that has occurred to date, while meaningful progress has certainly been made on that front, pursuant to the parties' agreement following their meet and confer directed by the Court's limited stay order, AT&T's document production has been voluminous but somewhat limited in scope. For example, while AT&T has produced a significant volume of documents pulled from its FTC production, per the parties' agreement (during the limited stay) relatively little has been produced from outside of the FTC production or regarding AT&T's continued systemic throttling of unlimited plan customers from mid-2015 forward, which conduct is ongoing to this day.

AT&T has suggested, in connection with its present motion to dismiss, that the latter may not be within the scope of this case absent the filing of an amended complaint. That is not so. This case challenges AT&T's throttling (i.e., limiting) of "unlimited" plan customers, and is brought on behalf of all California "unlimited" customers whom AT&T has throttled (FAC, ¶ 52), not just those throttled pursuant to one ***particular set or iteration*** of AT&T's limiting policies. The throttling that occurred before and after mid-2015 is properly encompassed within Plaintiffs' current complaint. That AT&T has at times changed the details of its policies for limiting "unlimited" customers does not necessitate amending the existing complaint. AT&T may try to argue, on the merits, that its limiting of "unlimited" plan customers after mid-2015 is not as bad, but that possibility should not keep Plaintiffs from taking discovery regarding all of the conduct in question.

As set forth in the agreed schedule above, Plaintiffs anticipate that they will need eight (8) months to take additional discovery (including additional document requests, interrogatories, and depositions), in advance of their class certification motion. Plaintiffs have tried to factor in, as best they can, the impact of COVID-19 and related business interruptions. Eight (8) months for discovery before filing class certification is, frankly, somewhat longer than Plaintiffs might otherwise have requested under the procedural circumstances of this case, but Plaintiffs believe

that this amount of time is reasonable and appropriate in light of the unique circumstances of the COVID-19 pandemic and the logistical complications it presents and based on the undersigned's recent experiences with defendants in other matters.

*AT&T's Additional Statement*

AT&T believes that much of Plaintiffs' "Additional Statement" above incorporates advocacy and argument that are outside the scope of a Joint CMC Statement in order to preview Plaintiffs' positions on potential discovery disputes that have not yet arisen and to bolster Plaintiffs' fully briefed opposition to AT&T's pending 12(b)(6) motion to dismiss. AT&T will reserve any response to those arguments for the appropriate time.

## IV. ALTERNATIVE DISPUTE RESOLUTION

As previously reported, the parties participated in a private mediation in November 2019. Plaintiffs and Defendants remain open to further mediation efforts.

Dated: June 25, 2020

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

*/s/ Roger N. Heller*
Michael W. Sobol (State Bar No. 194857)
Roger N. Heller (State Bar No. 215348)
275 Battery Street, 29th Floor'
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

Alexander H. Schmidt, Esq. (*pro hac vice*)
Fairways Professional Plaza
5 Professional Circle
Colts Neck, New Jersey 07722
Telephone: (732) 226-0004

D. Anthony Mastando (*pro hac vice*)
Eric J. Artrip (*pro hac vice*)
MASTANDO & ARTRIP, LLC
301 Washington St., Suite 302
Huntsville, AL 35801
Telephone: (256) 532-2222

Daniel M. Hattis (SBN 232141)

-5-

HATTIS LAW
Post Office Box 1645
Bellevue, Washington 98009-1645
Telephone: (650) 980-1990

*Attorneys for Plaintiffs and the Proposed Class*

REESE MARKETOS LLP

*/s/ Pete Marketos*
Pete Marketos (*pro hac vice*)
Tyler Bexley (*pro hac vice*)
Brett Rosenthal (*pro hac vice*)
Sean Gallagher (*pro hac vice*)
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
Telephone: (214) 382-9810

Andrew J. Pincus (*pro hac vice*)
Archis A. Parasharami (SBN 321661)
Kevin Ranlett *(pro hac vice)*
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000

*Attorneys for Defendant AT&T Mobility LLC*

Pursuant to Civil Local Rule 5-1(i)(3), I, Roger N. Heller, attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatures.

/s/ Roger N. Heller

-7-

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:15-CV-03418-EMC

2000705.3