1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11         SAN FRANCISCO DIVISION

12

| | |
|---|---|
| MARCUS A. ROBERTS, KENNETH A. CHEWEY, AND ASHLEY M. CHEWEY, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC,<br><br>                    Defendant. | Case No. 3:15-cv-03418-EMC<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT AND DIRECTING DISSEMINATION OF CLASS NOTICE**<br><br>Date:    March 4, 2021<br>Time:   1:30 p.m.<br>Judge:  Hon. Edward M. Chen<br>Courtroom:   5 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

1   Before the Court is the Motion for Preliminary Approval of Class Settlement Agreement

2   and for Direction of Class Notice Pursuant to Fed. R. Civ. P. 23(e) ("Motion"), filed by Plaintiffs

3   Marcus Roberts, Kenneth Chewey and Ashley Chewey ("Plaintiffs").  Plaintiffs and Defendant

4   AT&T Mobility LLC ("AT&T") have entered into a Class Settlement Agreement, dated January

5   29, 2021 ("Settlement Agreement").  Having thoroughly reviewed the Settlement Agreement,

6   including the proposed forms of class notice and other exhibits thereto, the Motion, and the

7   papers and arguments in connection therewith, and good cause appearing, the Court hereby

8   ORDERS as follows:

9       1.      Capitalized terms not otherwise defined herein have the meanings set forth in the

10  Settlement Agreement.

11      2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

12  § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members.

13  Venue is proper in this District.

14      3.      The Motion is GRANTED.

15      4.      The Court hereby preliminarily approves the Settlement Agreement and the terms

16  embodied therein pursuant to Fed. R. Civ. P. 23(e)(1).  The Court finds that it will likely be able

17  to approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2) and to certify the Settlement

18  Class for purposes of judgment on the proposed Settlement.  The Court preliminarily finds that

19  the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class Members

20  under the relevant considerations.  The Court finds that Plaintiffs and proposed Settlement Class

21  Counsel have adequately represented, and will continue to adequately represent, the Settlement

22  Class.  The Court further finds that the Settlement Agreement is the product of arms' length

23  negotiations by the Parties through an experienced mediator, Cathy Yanni, Esq. of JAMS, and

24  comes after significant litigation—including years of litigation regarding AT&T's arbitration

25  motion, and a litigated motion to dismiss— and significant investigation and discovery.  The

26  Court preliminarily finds that the relief provided—a non-reversionary common settlement fund of

27  $12 million—is adequate taking into account, *inter alia*, the costs, risks, and delay of trial and

28  appeal, the harm to Settlement Class Members, and the proposed method of distributing payments

1   to the Settlement Class (i.e., direct payments by account credits and checks).  The Court

2   preliminarily finds that the Settlement Agreement treats the Settlement Class Members equitably

3   relative to each other, and that the proposed allocation of settlement funds to Settlement Class

4   Members is reasonable and equitable.  Under the terms of the Settlement Agreement, all

5   Settlement Class Members subject to throttling prior to AT&T's adoption of congestion aware

6   throttling will be issued payments without the need to submit a claim, and all Settlement Class

7   Members who exceeded AT&T's data usage threshold after AT&T's adoption of congestion

8   aware throttling are eligible to submit a claim for a payment (via a simple claim form attesting to

9   their belief that they were subject to data speed slowing at least once during that time period).

10  Settlement Class Members who are in both groups are eligible for both payments.  The settlement

11  payment amounts for the two groups will be at a ratio of $7.50:$10:00 (Group A:Group B).  The

12  Court preliminarily finds that the payment allocation provided in the Settlement Agreement,

13  including the Claims Process for Group B Accounts and the payment amounts, is reasonable and

14  equitable given, *inter alia*, AT&T's records for the period after it adopted congestion aware

15  throttling show which customers exceeded its data usage threshold but do not indicate which

16  customers actually had their data usage throttled or for how long; and Settlement Class Members

17  who were subject to throttling prior to AT&T's adoption of congestion aware throttling

18  previously received partial payments related to such throttling via a consent judgment in the

19  related case, *Federal Trade Commission v. AT&T Mobility LLC*, N.D. Cal. Case No. 14-cv-

20  04785-EMC.[1]  The Court will fully assess any request for attorneys' fees and litigation expenses

21  after receiving a motion from Settlement Class Counsel supporting such request.  At this stage,

22  the Court finds that the plan to request fees and litigation expenses to be paid from the common

23  settlement fund creates no reason not to direct notice to the Settlement Class; should this Court

24  find any aspect of the requested attorneys' fees or expenses unsupported or unwarranted, such

25  funds will not revert to AT&T.

26  _____

[1] The FTC action payment amount for most customers was approximately $12.00, while a smaller
27  portion received approximately $31.00.  *See* FTC Action Dkt. 192 at 4-5, Dkt. 202.  The FTC
action only addressed throttling prior to AT&T's adoption of congestion aware throttling; the
28  FTC consent judgment did not provide any redress for throttling that occurred after AT&T's
adoption of congestion aware throttling.  *See* FTC Action Dkt. 202 at 4-5 n.3.

5. The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), consisting of:

> All consumers residing in California (based on the accountholder's last known billing address) who purchased an unlimited data plan from AT&T Mobility LLC and who, on or before the date of preliminary settlement approval, exceeded AT&T's applicable data usage threshold for any user on the account for one or more monthly billing cycles such that the user would have been eligible for data usage slowing or deprioritization by AT&T in those billing cycles under AT&T's network management policies.

> Excluded from the Settlement Class are any Judge presiding over this Action, any members of their families, and AT&T and affiliated entities and their respective officers and directors.

6. The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Settlement Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

7. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class certification in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.

8. The Court hereby appoints Plaintiffs Marcus Roberts, Kenneth Chewey, and Ashley Chewey as Settlement Class Representatives to represent the Settlement Class.

9. The Court hereby appoints the following attorneys as Settlement Class Counsel for the Settlement Class: Michael W. Sobol and Roger N. Heller of Lieff, Cabraser, Heimann & Bernstein, LLP; Daniel M. Hattis of Hattis Law; John A. Yanchunis, Sr. and Jean Sutton Martin

- 3 -

1  of Morgan & Morgan; Alexander H. Schmidt, Esq; and D. Anthony Mastando and Eric J. Artrip

2  of Mastando & Artrip, LLC.

3        10.     The Court hereby appoints Angeion Group   as Settlement Administrator and

4  directs Angeion Group to carry out all duties and responsibilities of the Settlement Administrator

5  as specified in the Settlement Agreement and herein.

6  Notice Program

7        11.     Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the

8  proposed Notice program set forth at Section VI of the Settlement Agreement, including the form

9  and content of the proposed forms of class notice attached as Exhibits A through H to the

10  Settlement Agreement.  The Court finds that the proposed Notice program meets the requirements

11  of Due Process under the U.S. Constitution and Rule 23; and that such Notice program, which

12  includes individual direct notice to Settlement Class Members via SMS, email, and mail, and the

13  establishment of a Settlement Website and Toll-Free Number, is the best notice practicable under

14  the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

15  The Court further finds that the proposed form and content of the forms of the Notice are

16  adequate and will give the Settlement Class Members sufficient information to enable them to

17  make informed decisions as to the Settlement Class, the right to object or opt out, and the

18  proposed Settlement and its terms.  The Court finds that the Notice clearly and concisely states in

19  plain, easily understood language, *inter alia*: (i) the nature of the Action; (ii) the definition of the

20  Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter

21  an appearance through an attorney if the member so desires; (v) that the Court will exclude from

22  the Settlement Class any member who timely and validly requests exclusion; (vi) the time and

23  manner for requesting exclusion; and (vii) the binding effect of a class judgment on Settlement

24  Class Members under Rule 23(c)(3).

25        12.     The Court directs the Settlement Administrator and the Parties to implement the

26  Notice program as set forth in the Settlement Agreement.

27        13.     Customer Data:   By no later than fourteen (14) days following entry of this

28  Preliminary Approval Order, AT&T shall provide the Customer Data to the Settlement

1  Administrator, including all of the information specified for same in the Settlement Agreement.

2       14.   <u>Email Notice</u>:  By no later than forty-five (45) days following the entry of this

3  Preliminary Approval Order (hereinafter, the "Notice Date"), the Settlement Administrator shall

4  email the appropriate form of Email Notice (substantially in the forms attached as Exhibits A

5  through C to the Settlement Agreement) to each Settlement Class account for which an email

6  address is included in the Customer Data.  The Email Notices shall be sent to the email addresses

7  listed in the Customer Data for such accounts.  The Email Notices shall be sent with the sender

8  title "AT&T Class Action Settlement Claims Administrator" and the subject line "Notice of

9  AT&T Class Action Settlement."

10       15.   <u>SMS Notice</u>:  The Court directs AT&T to send, by no later than the Notice Date,

11  via SMS (i.e., text message), the SMS Notice, substantially in the form attached as Exhibit H to

12  the Settlement Agreement, to the corresponding AT&T cellular telephone number(s) for each

13  Settlement Class account for which the Customer Data identifies that both: (1) the account is a

14  current AT&T account; and (2) no accountholders for the account have opted out of receiving

15  such messages.  Each SMS Notice shall include a hyperlink to a webpage, on the Settlement

16  Website, that includes the substance of the appropriate form of Email Notice (e.g., for accounts

17  that are Group A Accounts only, the hyperlink in the SMS Notice will link to a webpage on the

18  Settlement Website that includes the substance of Email Notice A).  The recipients of the SMS

19  Notices shall not be charged for such messages.  The Court expressly finds that the SMS

20  messages ordered to be sent under this paragraph are informational messages pertaining to the

21  AT&T's subscribers' service.  By no later than three (3) days following the Notice Date, AT&T

22  shall provide to the Settlement Administrator a list of Settlement Class accounts that were

23  successfully sent the SMS Notice.

24       16.   <u>Mail Notice</u>:  For any Settlement Class account where <u>both</u> (1) there is no email

25  address included in the Customer Data; <u>and</u> (2) the account is not among the Settlement Class

26  accounts for which SMS Notice is to be sent pursuant to this Preliminary Approval Order (i.e.,

27  because, as identified in the Customer Data, the account is a former AT&T account or one or

28  more accountholder(s) for the account have opted-out of receiving informational SMS messages):

By no later than the Notice Date, the Settlement Administrator shall: (a) update the mailing address listed in the Customer Data for such account through National Change of Address Database; and (b) mail the appropriate form of Postcard Notice (substantially in the forms attached as Exhibits D through F to the Settlement Agreement) to them via first class U.S. mail, postage pre-paid, at their address as updated.

17.     For any Settlement Class account where either (1) AT&T attempted but was not successful in sending SMS Notice; or (2) the Settlement Administrator sent Email Notice but received notice that the Email Notice was not received (i.e., a "bounce-back"):  By no later than ten (10) days following the Notice Date, the Settlement Administrator shall: (a) update the mailing address listed in the Customer Data for such account through National Change of Address Database; and (b) mail the appropriate form of Postcard Notice (substantially in the forms attached as Exhibits D through F to the Settlement Agreement) to them via first class U.S. mail, postage pre-paid, at their address as updated.

18.     For any mailed Postcard Notices that are returned with forwarding address information, the Settlement Administrator shall promptly re-mail the appropriate form of Postcard Notice to the new address indicated.  For any mailed Postcard Notices that are returned as undeliverable without a forwarding address, the Settlement Administrator shall conduct an industry standard "skip trace" to try to identify a more current address and re-mail the appropriate form of Postcard Notice to the extent an updated address is identified.

19.     Settlement Website:  The Settlement Administrator shall establish and maintain an Internet website, at the URL www.ATTUnlimitedDataSettlement.com ("Settlement Website"), where Settlement Class Members can obtain further information about the terms of the Settlement Agreement, their rights, important dates and deadlines, and related information.  Settlement Class Members shall also be able to submit Claim Forms electronically via the Settlement Website. The Settlement Website shall include, in PDF format, the Second Amended Complaint in this Action, the Settlement Agreement, the long-form Website Notice substantially in the form attached as Exhibit G to the Settlement Agreement, this Preliminary Approval Order, Settlement Class Counsel's fee and cost application (after it is filed), and other case documents as agreed

upon by the Parties and/or required by the Court, and shall be operational and live by no later than one day before the first Postcard Notice, Email Notice, or SMS Notice is disseminated.  The Settlement Website shall be optimized for display on mobile phones.  The Settlement Website shall remain operational until at least one year after the Payment Date or such other later date as the Parties may agree.

20.     Toll-Free Number:  The Settlement Administrator shall establish and maintain a toll-free telephone number ("Toll-Free Number") where Settlement Class Members can obtain further information about the Settlement Agreement and their rights, and request that a hard copy Claim Form or Website Notice be mailed to them.  The Toll-Free Number shall be operational and live by no later than one day before the first Postcard Notice, Email Notice, or SMS Notice is disseminated, and shall remain operational until at least one year after the Payment Date or such other later date as the Parties may agree.

21.     Within 30 days of entry of this Preliminary Approval Order, AT&T shall pay the Administrative Costs Advance to the Settlement Administrator in the amount of $290,000.00.

22.     By no later than fourteen (14) days before the Fairness Hearing, the Settlement Administrator shall file (or provide to Settlement Class Counsel for filing) a declaration confirming that Notice program has been implemented in accordance with the Settlement Agreement and this Order (including CAFA notice) and providing a final list of persons who submitted timely and valid requests for requests for exclusion from the Settlement Class.

Claims Procedure

23.     The Court approves the form and content of the proposed Claim Form, in the form attached as Exhibit I to the Settlement Agreement, approves the Claims Process set forth in the Settlement Agreement for Settlement Class Members with Group B Accounts to submit Claims, and directs the Parties and the Settlement Administrator to implement the Claims Process.

Opt-Out and Objection Procedures

24.     Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a written request for exclusion that is postmarked no later

- 7 -

than sixty (60) days after the Notice Date (the "Exclusion/Objection Deadline").  To be effective, the request for exclusion must include: (a) the Settlement Class Member's full name, telephone number, mailing address, and email address; (b) a clear statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the name of this Action: "Roberts v. AT&T Mobility, LLC"; and (d) the Settlement Class Member's signature or a signature of an individual authorized to act on his or her behalf.  Settlement Class Members cannot request exclusion as a class or group.  Any request for exclusion from a Settlement Class Member that is a co-accountholder on an account in the Settlement Class must be signed by all co-accountholders on that account, otherwise the request for exclusion is invalid for that account.  Any Settlement Class Member who submits a timely and valid request for exclusion is foreclosed from objecting to the Settlement or to Settlement Class Counsel's motion for attorneys' fees, costs, and service awards.  If a Settlement Class Member submits both a timely and valid request for exclusion and an objection, the Settlement Class Member shall be treated as if they had only submitted a request for exclusion.  Any Settlement Class Member who does not submit a timely and valid request for exclusion in accordance with this paragraph shall be bound by the Final Order and Judgment if and when it is entered.  The Settlement Administrator shall provide copies of all timely and valid requests for exclusion to Settlement Class Counsel and AT&T's Counsel.

25.    Any Settlement Class Member who does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Settlement Class Counsel's motion for attorneys' fees, costs, or service awards.  To be considered valid, an objection must be in writing, must be filed with or mailed to the Court, and mailed to the Settlement Administrator, at the addresses listed in the Website Notice, postmarked/filed no later than sixty (60) days after the Notice Date (the "Exclusion/Objection Deadline"), and must include the following: (a) the name of this Action: "Roberts v. AT&T Mobility LLC"; (b) the full name, mailing address, telephone number, and email address of the objector; (c) the objector's signature or the signature of an individual authorized to act on his or her behalf; (d) a description of the specific reasons for the objection; (e) the name, address, bar number and telephone number of counsel for the objector, if the objector is represented by an attorney; and (f) state whether the

- 8 -

1   objector intends to appear at the Fairness Hearing either in person or through counsel.  Only

2   objections that are submitted in accordance with this paragraph shall be heard by the Court.  Any

3   Settlement Class Member who does not timely submit an objection in accordance with this

4   paragraph, shall waive the right to object or to be heard at the Fairness Hearing and shall be

5   forever barred from making any objection to the proposed Settlement or to Settlement Class

6   Counsel's motion for attorneys' fees, costs, and service awards.  Any Settlement Class Member

7   who objects to the Settlement shall nevertheless be entitled to all benefits of the Settlement if it is

8   approved and becomes final.  The Settlement Administrator shall promptly after receipt provide

9   copies of any objections, including any related correspondence, to Settlement Class Counsel and

10  AT&T's Counsel.

11  **<u>Final Approval Hearing</u>**

12          22.     The Court will hold a Fairness Hearing on _____, 2021 at _____ a.m./p.m, in

13  the United States District Court for the Northern District of California, Courtroom 5, 17th Floor,

14  450 Golden Gate Avenue, San Francisco, CA, 94102.  The purposes of the Fairness Hearing will

15  be to: (i) determine whether the proposed Settlement Agreement should be finally approved by

16  the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii)

17  determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing

18  the Action with prejudice and releasing all Released Claims; (iii) determine whether the

19  Settlement Class should be finally certified; (iv) rule on Settlement Class Counsel's motion for

20  attorneys' fees, costs and service awards; (v) consider any properly filed objections; and (vi)

21  consider any other matters necessary in connection with the final approval of the Settlement

22  Agreement.

23          23.     By no later than fifteen (15) days after the Notice Date, Plaintiffs and Settlement

24  Class Counsel shall file their: (a) motion for final approval of the Settlement Agreement; and (b)

25  motion for attorneys' fees, costs, and service awards.  Promptly after they are filed, these

26  document(s) shall be posted on the Settlement Website.

27          24.     By no later than fourteen (14) days before the Fairness Hearing, the Parties shall

28  file any responses to any Settlement Class Member objections and any replies in support of final

1  settlement approval and/or in support of Settlement Class Counsel's motion for attorneys' fees,

2  costs, and service awards.

3        25.     The Court may, in its discretion, modify the date and/or time of the Fairness

4  Hearing, and may order that this hearing be held remotely or telephonically.  In the event the

5  Court changes the date, time, and/or the format of the Fairness Hearing, the Parties shall ensure

6  that the updated information is posted on the Settlement Website.

7        26.     Only Settlement Class Members who have submitted timely and valid objections,

8  in accordance with the requirements of this Preliminary Approval Order, may be heard at the

9  Fairness Hearing.

10        27.     If the Settlement Agreement, including any amendment made in accordance

11  therewith, is not approved by the Court or shall not become effective for any reason whatsoever,

12  the Settlement Agreement and any actions taken or to be taken in connection therewith (including

13  this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall

14  become null and void and of no further force and effect except for (i) any obligations to pay for

15  any expense incurred in connection with Notice and administration as set forth in the Settlement

16  Agreement, and (ii) any other obligations or provisions that are expressly designated in the

17  Settlement Agreement to survive the termination of the Settlement Agreement.

18        28.     Other than such proceedings as may be necessary to carry out the terms and

19  conditions of the Settlement Agreement, all proceedings in the Action are hereby stayed and

20  suspended until further order of this Court.

21        29.     Pending final determination of whether the Settlement Agreement should be

22  finally approved, Plaintiffs and all Settlement Class Members are barred and enjoined from filing,

23  commencing, prosecuting, or enforcing any action against the Released Parties insofar as such

24  action asserts Released Claims, directly or indirectly, in any judicial, administrative, arbitral, or

25  other forum.  This bar and injunction is necessary to protect and effectuate the Settlement

26  Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the

27  Settlement, and is ordered in aid of this Court's jurisdiction.

28        30.     This Preliminary Approval Order, the Settlement Agreement, and all negotiations,

statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against AT&T or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) any liability, negligence, fault, or wrongdoing of AT&T or the Released Parties; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes.

31.     The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Release provided for in the Settlement Agreement.

32.     The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

33.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

34.     The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| | |
|---|---|
| Last day for AT&T to provide the Customer Data to the Settlement Administrator | **14 days after entry of Preliminary Approval Order** |
| Notice Date | **45 days after entry of Preliminary Approval Order** |
| Last day for Plaintiffs and Settlement Class Counsel to file motion for final approval of the Settlement, and motion for attorneys' fees, costs and service awards | **15 days after Notice Date** |
| Exclusion/Objection Deadline | **60 days after Notice Date** |

| | |
|---|---|
| Last day for the Parties to file any responses to objections, and any replies in support of motion for final settlement approval and/or Settlement Class Counsel's application for attorneys' fees, costs and service awards | **14 days before Fairness Hearing** |
| Claim Deadline (Group B) | **90 days after Notice Date** |
| Fairness Hearing | **[TBD]** |

IT IS SO ORDERED.

Date: _____

_____
Hon. Edward M. Chen
United States District Judge

- 12 -