UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS A. ROBERTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC,<br><br>Defendant. | Case No. 15-cv-03418-EMC<br><br>**ORDER GRANTING PLAINTIFFS' (1) MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, AND (2) MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Docket Nos. 208-209 |

This matter came before the Court for hearing on August 19, 2021, pursuant to the Court's Preliminary Approval Order dated March 31, 2021 (Docket No. 205), and on the motion ("Motion"; Docket No. 208) for final approval of the Amended Class Settlement Agreement, dated March 31, 2021, entered into by the Parties (the "Settlement Agreement"; Docket No. 204-1), as well as Settlement Class Counsel's motion for an award of attorneys' fees, costs, and service awards (Docket No. 209). In view of the favorable response of the class (zero objections , only 35 opt outs, and a nearly 12% claims rate by Group B) following adequate class notice, and for the reasons stated at the hearing and in its preliminary approval of the settlement, the Court hereby **ORDERS** as follows:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3. The "Settlement Class" for purposes of this Final Order and Judgment means:

> All consumers residing in California (based on the accountholder's last known billing address) who purchased an unlimited data plan from AT&T Mobility LLC and who, on or before March 31, 2021, exceeded AT&T's applicable data usage threshold for any user on the account for one or more monthly billing cycles such that the user would have been eligible for data usage slowing or deprioritization by AT&T in those billing cycles under AT&T's network management policies.
>
> Excluded from the Settlement Class are any Judge presiding over this Action, any members of their families, and AT&T and affiliated entities and their respective officers and directors. Also excluded from the Settlement Class are those persons who submitted a timely and valid request for exclusion in accordance with the procedures set forth in the Settlement Agreement and in this Court's Preliminary Approval Order.

4. The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

5. The Court finds that the Notice program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Settlement Administrator and the Parties. The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

6. The Court hereby finds that all persons who fall within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from the Settlement Class by submitting a request for exclusion in conformance with the terms of the

1  Settlement Agreement and this Court's Preliminary Approval Order. All persons who submitted
2  timely and valid requests for exclusion are not bound by this Final Order and Judgment. A list of
3  those persons who submitted timely and valid requests for exclusion is attached as Exhibit A to
4  the Supplemental Declaration of Steven Platt, filed in this case at Docket No. 210-1. All other
5  persons who fall within the definition of the Settlement Class are Settlement Class Members and
6  part of the Settlement Class, and shall be bound by this Final Order and Judgment and the
7  Settlement Agreement.

8      7. The Court reaffirms that this Action is properly maintained as a class action, for
9  settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). The Court reaffirms its
10 findings that, for settlement purposes only, the Settlement Class, as defined above, meets the
11 requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that (1) the
12 Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there
13 are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the Settlement
14 Class Members; (4) Plaintiffs and Settlement Class Counsel have adequately represented, and will
15 continue to adequately represent, the interests of the Settlement Class Members; and (5) for
16 purposes of settlement, the Settlement Class meets the predominance and superiority requirements
17 of Fed. R. Civ. P. 23(b)(3).

18     8. The Court reaffirms its appointment of Plaintiffs Marcus Roberts, Kenneth
19 Chewey, and Ashley Chewey as Settlement Class Representatives to represent the Settlement
20 Class, and reaffirms its appointment of Settlement Class Counsel to represent the Settlement
21 Class.

22     9. The Court finds that the Settlement Agreement warrants final approval pursuant to
23 Fed. R. Civ. P. 23(e)(2) because, the Court finds, the Settlement Agreement is fair, reasonable, and
24 adequate and is in the best interest of the Settlement Class, after weighing the relevant
25 considerations. First, the Court finds that Plaintiffs and Settlement Class Counsel have adequately
26 represented the Settlement Class, and will continue to do so through settlement implementation.
27 Second, the proposed Settlement Agreement was reached as a result of arms-length negotiations
28 through an experienced mediator, Cathy Yanni, Esq. of JAMS, and comes after significant

litigation, investigation, and discovery.  Third, the Court finds that the relief proposed to be provided for the Settlement Class is fair, reasonable, and adequate, taking into account, inter alia: (i) the costs, risks, and delay of trial and appeal; (ii) the harm to the Settlement Class Members; (iii) the effectiveness of the proposed method of distributing relief to the Settlement Class (via direct account credits and mailed checks); and (iv) the terms of the requested award of attorneys' fees and costs.  Fourth, the Court finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other, and that the proposed allocation of settlement funds to Settlement Class Members is reasonable and equitable.  Under the terms of the Settlement Agreement, all Settlement Class Members subject to throttling prior to AT&T's adoption of congestion aware throttling will be issued payments without the need to submit a claim, and all Settlement Class Members who exceeded AT&T's data usage threshold after AT&T's adoption of congestion aware throttling were eligible to submit a claim for a payment (via a simple claim form attesting to their belief that they were subject to data speed slowing at least once during that time period).  Settlement Class Members who are in both groups are eligible for both payments.  The settlement payment amounts for the two groups will be at a ratio of 3:4 (Group A:Group B).  The Court finds that the payment allocation provided in the Settlement Agreement, including the Claims Process for Group B Accounts (which has been implemented by the Settlement Administrator pursuant to the Preliminary Approval Order), the individual payment amounts, and the aggregate payment amounts for Groups A and B, are reasonable and equitable given, *inter alia*, AT&T's records for the period after it adopted congestion aware throttling show which customers exceeded its data usage threshold but do not indicate which customers actually experienced reduced data speeds or for how long; the throttling that occurred prior to AT&T's adoption of congestion aware throttling was for the remainder of the billing cycle after the data usage threshold was exceeded, whereas the deprioritization that occurred following AT&T's adoption of congestion aware throttling (which also only occurred, if at all, after the data usage threshold exceeded for the billing cycle) occurred only during periods of actual congestion at congested sites; and Settlement Class Members who were subject to throttling prior to AT&T's adoption of congestion aware throttling previously received partial payments related to such

4

1  throttling via a consent judgment in the related case, *Federal Trade Commission v. AT&T Mobility*

2  *LLC*, N.D. Cal. Case No. 14-cv-04785-EMC.[1]

3    10.    In granting final approval of the Settlement Agreement, the Court has also considered the factors that courts in this Circuit consider in evaluating proposed class settlements, which overlap considerably with the factors to be considered under Fed. R. Civ. P. 23(e)(2). *See Churchill Village LLC v. General Electric Corp.*, 361 F.3d 566, 575 (9th Cir. 2004). The Court finds that those factors—including the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extensive discovery that was conducted and the stage of the litigation when the settlement was reached; the experience and views of counsel; and the lack of any objections by any governmental participant following the dissemination of notice under 28 U.S.C. § 1715—support granting final approval of the Settlement.

11.    The Court further finds that the very positive reaction of the Settlement Class Members to the Settlement Agreement supports granting final approval of the Settlement Agreement. Following direct notice to the Settlement Class Members, there were zero objections submitted and only 35 persons requested to be excluded from the Settlement Class, while more than 144,000 claims for Group B payments have been submitted.

12.    The Motion is hereby **GRANTED**, and the Settlement Agreement and its terms are hereby found to be and **APPROVED** as fair, reasonable, and adequate and in the best interest of the Settlement Class. The Parties and Settlement Administrator are directed to consummate and implement the Settlement Agreement in accordance with its terms, including distributing settlement payments to the Settlement Class Members and other disbursements from the Settlement Consideration as provided by the Settlement Agreement.

---

[1] The FTC action payment amount for most customers was approximately $12.00, while a smaller portion received approximately $31.00. *See* FTC Action Docket No. 192 at 4-5, Docket No. 202. The FTC action only addressed throttling prior to AT&T's adoption of congestion aware throttling; the FTC consent judgment did not provide any redress for throttling that occurred after AT&T's adoption of congestion aware throttling. *See* FTC Action Docket No. 202 at 4-5 n.3.

13. This Action is hereby dismissed with prejudice and without costs to any Party, other than as specified in the Settlement Agreement, this Final Order and Judgment, and any order(s) by this Court regarding Settlement Class Counsel's motion for attorneys' fees, costs, and service awards.

14. In consideration of the benefits provided under the Settlement Agreement, and for other good and valuable consideration set forth in the Settlement Agreement, each of the Settlement Class Members and Releasing Parties shall, by operation of this Final Order and Judgment, have fully, finally, and forever released, relinquished, acquitted, and discharged all Released Claims against all Released Parties in accordance with Section IX of the Settlement Agreement, the terms of which section are incorporated herein by reference. The terms of the Settlement Agreement, which are incorporated by reference into this Order, shall have res judicata and other preclusive effects as to the Released Claims against the Released Parties. The Released Parties may file the Settlement Agreement and/or this Order in any other litigation to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

15. All Settlement Class Members and Releasing Parties have covenanted not to sue any Released Party with respect to any Released Claim and shall be permanently barred and enjoined from instituting, commencing, prosecuting, continuing, or asserting any Released Claim against any Released Party. This permanent bar and injunction are necessary to protect and effectuate the Settlement Agreement and this Order, and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Order and Judgment shall preclude an action to enforce the terms of the Settlement Agreement.

16. Pursuant to the terms of the Settlement Agreement, Plaintiffs, Settlement Class Counsel, AT&T, and AT&T's Counsel have, and shall be deemed to have, released each other from any and all claims relating in any way to any Party or counsel's conduct in this Action, including but not limited to any claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion or resolution of this Action, including

1  claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise expressly set
2  forth in the Settlement Agreement.
3      17.    This Final Judgment and Order is the final, appealable judgment in the Action as to
4  all Released Claims.
5      18.    Without affecting the finality of this Final Order and Judgment in any way, this
6  Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of
7  the Settlement Agreement; (b) Settlement Class Counsel's motion for attorneys' fees, costs, and
8  service awards; (c) distribution of the settlement consideration, Settlement Class Counsel
9  attorneys' fees and expenses, and any Plaintiff service awards; and (d) all other proceedings
10 related to the implementation, interpretation, validity, administration, consummation, and
11 enforcement of the terms of the Settlement Agreement.  The time to appeal from this Final Order
12 and Judgment shall commence upon its entry.
13     19.    In the event that the Settlement Agreement Effective Date does not occur, this Final
14 Order and Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except
15 insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice
16 to the status quo ante rights of Plaintiffs, Settlement Class Members, and AT&T.
17     20.    This Final Order and Judgment, the Preliminary Approval Order, the Settlement
18 Agreement, and all negotiations, statements, agreements, and proceedings relating to the
19 Settlement Agreement, and any matters arising in connection with settlement negotiations,
20 proceedings, or agreements shall not constitute, be described as, construed as, offered or received
21 against AT&T or the other Released Parties as evidence or an admission of: (a) the truth of any
22 fact alleged by Plaintiffs in the Action; (b) any liability, negligence, fault, or wrongdoing of
23 AT&T or the Released Parties; or (c) that this Action or any other action may be properly certified
24 as a class action for litigation, non-settlement purposes.
25     21.    The Court has also considered Plaintiffs' and Settlement Class Counsel's motion
26 for attorneys' fees, expenses, and service awards (Docket No. 209; "Fees and Costs Motion").
27 The Court finds that the amounts requested therein are reasonable and appropriate under

7

applicable standards and the circumstances of this Action, and hereby GRANTS the Fees and Costs Motion.

22. The Court awards Settlement Class Counsel attorneys' fees in the amount of $2,932,333.98, which is approximately 24.44% of the $12,000,000 common Settlement Fund achieved in this case. That is slightly lower than the "benchmark" of 25% for percentage-of-the-fund fee awards in this Circuit. The Court finds that such fee is justified by the circumstances of this case and applicable standards. A lodestar "cross-check" further supports the reasonableness of the requested fee amount. The Court finds that the hours reflected in Settlement Class Counsel's submitted lodestar of $3,048,158.25 (as of May 2021) are reasonable under the circumstances of this case and that the hourly rates used in calculating such lodestar are reasonable and within the range of rates for attorneys of comparable experience and qualifications in this District. The fee requested represents a "negative" multiplier of approximately 0.962 (based on Settlement Class Counsel's lodestar as of May 2021), which the Court finds to be reasonable under the circumstances of this case.

23. The Court also awards Settlement Class Counsel reimbursement of litigation expenses in the requested amount of $67,666.02. The Court finds that these expenditures were reasonably incurred in the prosecution and resolution of this case, are reasonable in amount, and should be reimbursed.

24. The Court also awards the Class Representatives service awards of $2,500 each, to compensate them for their efforts and commitment on behalf of the Settlement Class. The Court finds that such awards are within the range awarded in this District and are well justified by the circumstances of this case.

25. All attorneys' fees, expenses, and service awards awarded herein shall be paid from the common Settlement Fund, pursuant to the terms of the Settlement Agreement.

///

///

///

///

26. Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and expressly directs this Final Order and Judgment and immediate entry by the Clerk of the Court.

**IT IS SO ORDERED**.

Dated: August 20, 2021



EDWARD M. CHEN
United States District Judge